UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

No. 02-4539

JOSE JUAN BARAJAS,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-01-121)

Submitted: March 18, 2003

Decided: March 28, 2003

Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Luis F. Gomez, Sr., LUIS F. GOMEZ, P.A., Orlando, Florida, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Michael G. James, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Jose Juan Barajas appeals his jury conviction and sentence of 188 months' imprisonment for conspiracy to distribute and to possess with intent to distribute in excess of 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). Barajas alleges the evidence was insufficient to support his conviction. Barajas also attacks the district court's findings regarding drug quantity and an enhancement under *U.S. Sentencing Guidelines Manual* § 3B1.1 (2001) for his role in the offense. Finding no reversible error, we affirm.

The Government bears the burden of proving the single conspiracy charged in the indictment. *United States v. Hines*, 717 F.2d 1481, 1489 (4th Cir. 1983). In reviewing the jury's finding of a single conspiracy, this Court reviews the evidence in the light most favorable to the Government. *Id.* If the evidence shows multiple conspiracies, reversal is only required if the defendant's substantial rights are prejudiced. *Id.* at 1489-90.

The evidence presented at trial showed Barajas, Jose Antonio Barajas, and Filemon Barajas, among other co-conspirators, transported marijuana from Texas to North Carolina and other places, and employed individuals to drive marijuana and money for them. Construing the evidence in the light most favorable to the Government, we find it sufficient to support the jury conviction of the charged conspiracy. *See United States v. Leavis*, 853 F.2d 215, 218 (4th Cir. 1988). Moreover, we find no error as to the district court's jury charge regarding multiple conspiracies. *See United States v. Camps*, 32 F.3d 102, 104 (4th Cir. 1994). To the extent Barajas argues the witnesses' reliability was suspect, we will not review witness credibility in determining the sufficiency of the evidence. *See United States v. Wilson*, 115 F.3d 1185, 1190 (4th Cir. 1997). We have further reviewed Barajas' allegations of Government improprieties and find them to be without merit.

Barajas also challenges the jury finding of drug quantity. We find the trial testimony, taken in the light most favorable to the Government, clearly supports the jury's specific finding that Barajas was

responsible for 100 kilograms or more of marijuana. *See United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998) (stating standard). Finally, because the threshold drug quantity was alleged in the indictment and submitted to the jury, Barajas' argument based upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is without merit. *See United States v. Promise*, 255 F.3d 150, 152 n.1, 156-57 (4th Cir. 2001) (en banc), *cert. denied*, ___ U.S. ___, 122 S. Ct. 2296 (2002).

Barajas contests the district court's sentencing findings concerning drug quantity and his role in the offense. This Court reviews the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error. *See United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999). If a defendant objects to a quantity recommended in a presentence report (PSR), the district court must make an independent resolution of the factual issues raised by the objection by stating its findings or by expressly adopting the findings in the PSR. *See United States v. Williams*, 152 F.3d 294, 300-01 (4th Cir. 1998). If the objection fails to state why the finding is unreliable, untrue, or inaccurate, the district court may adopt the findings of the PSR without "more explicit inquiry or explanation." *Id.* at 301 (quoting *United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990)).

Barajas only generally attacked the PSR's findings, noting many of the witnesses did not testify at trial and there was the possibility of double counting. Because we find Barajas made only general objections, and the district court expressly adopted the PSR as credible and reliable, we find the district court's findings were sufficient. *See Williams*, 152 F.3d at 301-02. As to the amount of marijuana attributable to Barajas, we find the district court's conclusion that 1000 to 3000 kilograms of marijuana was attributable to Barajas is not clearly erroneous. Further, we find Barajas' arguments of improper conduct by the Government meritless. Finally, to the extent Barajas argues the district court's findings violate *Apprendi*, applications of guidelines factors that do not increase the statutory maximum do not implicate *Apprendi*. *See United States v. Kinter*, 235 F.3d 192, 199-202 (4th Cir. 2000).

A district court's determination of the defendant's role in the offense is reviewed for clear error. *United States v. Perkins*, 108 F.3d

512, 518 (4th Cir. 1997). A four-level enhancement for role in the offense is appropriate when "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." USSG § 3B1.1. The evidence at trial showed Barajas recruited individuals to courier both drugs and money for him, that Barajas instructed them where to go and who to meet, and that he informed one conspirator he would pay for a lawyer if he was arrested. Barajas told another conspirator he had to work to pay off a drug debt to Barajas. This evidence indicates Barajas exercised decision making authority, recruited accomplices, organized many of the trips, and exercised a substantial degree of control or authority over others. *See* USSG § 3B1.1, comment. (n.4). This evidence is sufficient to support the four-point enhancement for Barajas' role in the offense.

We therefore affirm Barajas' conviction and sentence. We dispense with oral argument because the facts and legal contents are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*